IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Vandale Clowney, | C/A No. 0:24-6381-MGL-PJG |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| S.C.D.C., | |
| Defendant. | |

The plaintiff, Richard Vandale Clowney, a self-represented pretrial detainee,[1] brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A.[2] Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[3]

---

[1] Plaintiff indicates he is currently a pretrial detainee, but his claims concern his time as a state prisoner in the South Carolina Department of Corrections.

[2] Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240), which is construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 2.)

[3] Plaintiff filed an Amended Complaint on December 4, 2024 (ECF No. 9) as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). It thus replaces the original complaint as the operative pleading. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

I.      **Procedural Background**

Plaintiff pled guilty to state charges in November 2018 and was sentenced to eight years' imprisonment, suspended to two years' home confinement and eighteen months' probation.[4] In January 2022, Plaintiff's probation was revoked, and he received an additional three-year sentence. In June 2022, Plaintiff pled guilty to additional charges and received two three-year sentences for those charges, to run concurrently to his three-year probation revocation sentence. Plaintiff alleges he is entitled to apply 412 days of the time he spent in prison and on house arrest during his original sentence to his three-year probation revocation sentence. He filed grievances through the prison grievance system, all of which were denied, and appealed to the Administrative Law Court, which also denied his request. Plaintiff asserts the South Carolina Department of Corrections has denied his constitutional rights by keeping him in prison for an extra 412 days. He seeks compensatory and punitive damages for the alleged wrong.

II.     **Discussion**

   A.      **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a

---

[4] Plaintiff says his probationary term was eighteen months in one filing and sixteen months in another filing. However, the discrepancy is irrelevant to the court's analysis.

governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.    Analysis**

Plaintiff's Amended Complaint must be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the

conviction or sentence has been previously invalidated. Id. at 487; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). However, Plaintiff has provided no facts to show that he successfully challenged his sentence. In fact, Plaintiff admits his challenges have been unsuccessful. Thus, Plaintiff's claims for damages associated with an allegedly incorrect sentence calculation are barred by the holding in Heck.[5]

To the extent Plaintiff is challenging the duration of his current confinement and seeking immediate or speedier release, he must bring that challenge through an action for habeas corpus, rather than an action for damages under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983).

---

[5] It appears Plaintiff is no longer incarcerated pursuant to the challenged sentence. See Wilson v. Johnson, 535 F.3d 262, 268 (4th Cir. 2008) (holding that former prisoners are exempt from Heck's favorable termination requirement if, as a practical matter, they could not seek habeas relief). However, Plaintiff provides no facts to demonstrate that habeas relief was unavailable during the relevant period of incarceration. See Bishop v. Cty. of Macon, 484 F. App'x 753, 754-55 (4th Cir. 2012) (clarifying that the Wilson exception applies only where a plaintiff can show that circumstances beyond his control left him unable to pursue habeas relief); cf. Greene v. Sterling, Civil Action No.: 5:16-cv-00587-JMC, 2016 WL 2864894, at *2 (D.S.C. May17, 2016) (declining to adopt the magistrate judge's report and recommendation dismissing a former inmate's § 1983 claim that he was wrongfully convicted in a disciplinary proceeding during his four-month incarceration based on the plaintiff's failure to show Heck's favorable termination requirement because plaintiff's limited custodial sentence effectively left him without an adequate remedy at law to address the alleged constitutional infirmities).

### C.     Plaintiff's Motion for the Appointment of Counsel

Plaintiff moves this court pursuant to 28 U.S.C. § 1915(e)(1) for the appointment of counsel. (ECF No. 11.) There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present requires the court to determine (1) whether the *pro se* litigant has a colorable claim and, (2) considering the type and complexity of the case, whether the *pro se* litigant has the ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296. The United States Court of Appeals for the Fourth Circuit recently held that, when determining whether exceptional circumstances warrant the appointment of counsel, the court should consider such factors as: a litigant's carceral status and, if incarcerated, their ability to litigate while incarcerated; a litigant's lack of general education or knowledge of the law; the complexity of the case; whether the case turns on witness credibility such that skilled cross-examination would be required; the accessibility of legal materials and evidence; and the litigant's ability to present claims given any physical, mental, and intellectual limitations. Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024).

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would Plaintiff be denied due process if the court denied Plaintiff's request for counsel. Id. In his motion and supporting memorandum, Plaintiff cites his lack of education, difficulties accessing legal materials, and the complexity of this case. (ECF No. 11 at 1.) However, Plaintiff's thorough and coherent filings in this court demonstrate his ability

to prosecute this case without assistance. Moreover, because the court is barred from hearing Plaintiff's claims, as discussed above, the court finds the appointment of counsel unnecessary. Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

### III.   Conclusion

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process. It is ordered that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is granted and Plaintiff's motion for the appointment of counsel (ECF No. 11) is denied.

December 30, 2024  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).